United States District Court
For the Northern District of California

1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8    ADRIAN FRANK ANDRADE,                    No. C 11-3528 SI (pr)

9              Plaintiff,                     **ORDER OF SERVICE**

10        v.

11   GREG LEWIS, warden; et al.,

12             Defendants.

13   _____/

14                              **INTRODUCTION**

15        Adrian Frank Andrade, an inmate at Pelican Bay State Prison, filed a *pro se* civil rights

16   action under 42 U.S.C. § 1983.  His complaint is now before the court for review under 28

17   U.S.C. § 1915A.

18

19                              **BACKGROUND**

20        Andrade complains about the proceedings used to validate him as an associate of the

21   Northern Structure prison gang and the resultant placement in administrative segregation ("ad-

22   seg").  The complaint alleges the following:

23        Andrade is currently serving a term of 25 years to life in prison.

24        On November 5, 2008, Andrade was moved from general population to administrative

25   segregation ("ad-seg") and given a CDC-114 form notifying him that he was being placed in ad-

26   seg pending an investigation into his suspected involvement with the Northern Structure prison

27   gang.  An Institutional Gang Investigator ("IGI") had prepared a validation packet for Andrade

28   that had seven source items to demonstrate his connection to the gang.  On November 8, 2008,

     Andrade received  notice of the source items in his validation packet.  Defendant J. Silveira

signed the notice, and apparently had assembled the gang validation package.  Complaint, ¶ 33. Andrade submitted a rebuttal to the packet on November 9, 2008.

On December 8, 2008, the Office of Correctional Safety ("OCS") – the department that reviews and determines whether to approve or reject gang status verification – approved six of the seven source documents to sustain a gang validation.  Defendants T. Rosenkrans, S. Kissel and M. Buecher "determined and reviewed" the documents used to validate Andrade.  *Id.* at ¶ 44.  Andrade received a CDC-114 form confirming that he had been validated as a gang affiliate.

The normal practice is that, once an inmate is validated by the OCS, an Institutional Classification Committee ("ICC") convenes to decide whether to retain the inmate in the SHU for an indeterminate term based on his gang affiliation.  (*Id.* at ¶ 47.)  The ICC considering Andrade's case convened on February 18, 2009, and he appeared before that ICC.  The ICC consisted of assistant warden M.A. Cook, facility captain R. Bell, and correctional counselor II M. Becker.  (*Id.* at ¶ 49.)  Based on the 6 documents that met gang validation requirements, the ICC determined to transfer Andrade to the Pelican Bay SHU for an indeterminate placement based on his gang validation. The SHU is a harsh place to be incarcerated.

**DISCUSSION**

A.   Standards Of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See *id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins,

487 U.S. 42, 48 (1988).

B.   <u>Placement In Administrative Segregation</u>

The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. Changes in conditions of confinement may amount to a deprivation of a constitutionally protected liberty interest, provided that the liberty interest in question is one of real substance. <u>Sandin v. Conner</u>, 515 U.S. 472, 477-87 (1995).

When prison officials initially determine whether a prisoner is to be segregated for administrative reasons and a liberty interest of real substance is implicated, due process requires that they hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons segregation is being considered, and allow the prisoner to present his views. <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1100 (9th Cir. 1986). Due process also requires that there be an evidentiary basis for the prison officials' decision to place an inmate in segregation for administrative reasons. <u>Superintendent v. Hill</u>, 472 U.S. 445, 455 (1985); <u>Toussaint</u>, 801 F.2d at 1104-05. This standard is met if there is "some evidence" from which the conclusion of the administrative tribunal could be deduced. <u>Id.</u> at 1105. There is some authority for the proposition that the evidence relied upon to confine an inmate to the SHU for gang affiliation must have "some indicia of reliability" to satisfy due process requirements. <u>Madrid v. Gomez</u>, 889 F. Supp. 1146, 1273-74 (N.D. Cal. 1995); <u>see also</u> <u>Toussaint v. McCarthy</u>, 926 F.2d 800, 803 (9th Cir. 1990) (results of polygraph examination may not be considered "unfailingly accurate" when used as evidence to support placement in administrative segregation); <u>Cato v. Rushen</u>, 824 F.2d 703, 705 (9th Cir. 1987) (evidence relied upon by a prison disciplinary board must have "some indicia of reliability").

The complaint, liberally construed, states a claim for relief against defendants Silveira, Rosenkrans, Kissel, Buecher, Cook, Bell, and Becker for due process violations based on (a) the alleged insufficiency and unreliability of the evidence used to validate Andrade and (b) the alleged failure to provide Andrade an opportunity to be heard on the matter. The complaint does not state a due process claim against any other defendants. Specifically, no due process claim

United States District Court
For the Northern District of California

3

is stated against people who denied administrative appeals because there is no constitutional right to an administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Andrade also alleges that his placement in the SHU amounts to cruel and unusual punishment. Insofar as he is trying to assert an Eighth Amendment claim based on the procedure used to put him in the SHU, the claim is dismissed because the Fourteenth Amendment's Due Process Clause, not the Eighth Amendment's Cruel and Unusual Punishment Clause, is the relevant constitutional provision for the claim. Insofar as he is trying to claim an Eighth Amendment violation in the overall conditions of the SHU, such a claim cannot proceed. As an inmate in the SHU, Andrade is a member of plaintiff class in the *Madrid* class action litigation concerning the SHU conditions. *See Madrid v. Gomez*, 889 F. Supp. 1146 (N.D. Cal. 1995). Judge Henderson in that case has ruled that the overall conditions of the SHU do not violate the Eighth Amendment for the non-mentally ill inmates therein. *See Madrid*, 889 F.Supp. at 1227-30, 1260-65. Class members may not relitigate the claim individually.

## CONCLUSION

1.      The amended complaint states a cognizable § 1983 claim against defendants Silveira, Rosenkrans, Kissel, Buecher, Cook, Bell, and Becker for due process violations. Plaintiff also alleges state law violations by these defendants.

2.      The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon the following defendants, all of whom apparently work at Pelican Bay State Prison or at the CDCR headquarters in Sacramento:

- J. Silveira (correctional officer at Pelican Bay)
- T. Rosenkrans (Office of Correctional Safety in Sacramento)
- S. Kissel (Office of Correctional Safety in Sacramento)
- M. Buecher (Office of Correctional Safety in Sacramento)
- M.A. Cook (associate warden at Pelican Bay)
- R. Bell (correctional captain at Pelican Bay)
- M. Becker (correctional counselor II at Pelican Bay)

United States District Court
For the Northern District of California

4

3.      In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a.      No later than **April 20, 2012**, defendants must file and serve a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due.

b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **May 25, 2012**.  Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial. (*See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).)

Plaintiff also should take note that a defendant may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment.  A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the termination of the action.  The plaintiff must "develop a record" and present it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

c.      If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **June 8, 2012**.

4.      All communications by plaintiff with the court must be served on a defendant's

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6.      Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7.      Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: January 17, 2012

SUSAN ILLSTON
United States District Judge