UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN FRANK ANDRADE,<br><br>    Plaintiff,<br><br>  v.<br><br>GREG LEWIS, warden; et al.,<br><br>    Defendants.<br>_____/ | No. C 11-3528 SI (pr)<br><br>**ORDER PERMITTING LATE OPPOSITION AND DENYING DISCOVERY** |

In this *pro se* prisoner's civil rights action, plaintiff claims that his due process rights were violated during his late 2008 validation as an associate of the Northern Structure prison gang. Upon defendants' motion, the court stayed discovery pending resolution of defendants' motion for summary judgment in which they raised a defense of qualified immunity.

After the stay was imposed, plaintiff filed a motion for discovery, requesting a copy of a "CDC 128-B-2 (4/07) (SSU gang validation rejection review) of inmate Ricky Gonzales." Docket # 28, p. 1. Plaintiff urged that he needed this document for the pending summary judgment motion because it "is a factor in plaintiff's opposition to the allegations Ricky Gonzales was a validated member/associate." Docket # 28, p. 2.

Plaintiff is not entitled to do discovery generally in light of the stay. And he is not entitled to a postponement of the pending summary judgment motion to obtain the document because he has not made the necessary showing under Federal Rule of Civil Procedure 56(d) for such a postponement. Under limited circumstances, consideration of a summary judgment

motion may be delayed so that a non-movant may gather evidence for his opposition. The court may deny or continue the motion for summary judgment, or allow time to obtain affidavits or declarations or to take discovery if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The party requesting the extra time must "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). Plaintiff does not demonstrate that the requested exhibit is essential to his opposition or would preclude summary judgment. Plaintiff apparently wants to show that inmate Gonzales was not a gang member or associate as of March 1, 2006, the date printed on a piece of artwork. (The date is in small type at the foot of the document on the same line as an internet address, and has the familiar look of the date the page was downloaded from the internet. *See* Docket # 1, p. 18.) There is no evidence that the artwork was given to plaintiff on the date printed at the bottom of the page. The artwork could have been provided to plaintiff on any date up until November 5, 2008, the date on which prison officials found in plaintiff's cell the artwork with inmate Gonzales' name and CDC # handwritten on it. Neither plaintiff's claims for relief nor defendants' motion for summary judgment depends on inmate Gonzales' validation status in April 2007 – the date of the document he wants produced -- or earlier.[1] Accordingly, plaintiff's motion for discovery is DENIED. (Docket # 28.)

/ / /

/ / /

---

[1] In Ricky Gonzales' action complaining about his own validation, Gonzales stated under penalty of perjury that he was validated on October 5, 2007. *See* Docket # 8, p. 1 in *Gonzales v. CDC*, Case No. C 10-1317 SI. When the court reviews the pending summary judgment motion, if the date of Gonzales' validation turns out to be relevant, the court will *sua sponte* reconsider the ruling on plaintiff's discovery motion.

Plaintiff's motion for an extension of time to file his opposition to defendants' motion for summary judgment is GRANTED. (Docket # 32.) The opposition (docket # 33) filed on September 17, 2012, is deemed to have been timely filed. In light of the delayed filing of the opposition, defendants may file and serve their reply no later than **October 8, 2012**.

IT IS SO ORDERED.

Dated: September 28, 2012

_____
SUSAN ILLSTON
United States District Judge