1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    ADRIAN FRANK ANDRADE,                No. C 11-3528 SI (pr)

8              Plaintiff,                 **ORDER DENYING MOTION FOR**
                                          **SUMMARY JUDGMENT,**
9         v.                              **PARTIALLY GRANTING MOTION**
                                          **TO SEAL DOCUMENTS, AND**
10   GREG LEWIS, warden; et al.,          **SETTING BRIEFING SCHEDULE**

11             Defendants.
     _____/
12

13   A.    The Summary Judgment Motion

14        In this action, plaintiff contends that prison officials violated his right to due process

15   when they placed him in the security housing unit ("SHU") for an indefinite term after validating

16   him as a gang associate.  Specifically, plaintiff claims that he was not given a meaningful

17   opportunity to be heard by the actual decision-maker and that the evidence was insufficient to

18   support the gang validation decision.   Defendants have moved for summary judgment on the

19   merits of plaintiff's claims and on the defense of qualified immunity.  Upon due consideration,

20   the court concludes that the state of the evidence is such that the court is unwilling to grant

21   summary judgment for defendants.  The problems that preclude summary judgment are curable,

22   however, so the court will deny the motion without prejudice to defendants filing a new motion

23   for summary judgment that takes into account the information in this order.  The court now

24   explains why it sends defendants back to the drawing board.

25        The first impediment to the court's consideration of the summary judgment motion is that

26   defendants misinterpreted a Supreme Court case and tailored their evidence to that

27   misinterpretation. Defendants took the position that the recent Supreme Court case of *Swarthout*

28   *v. Cooke*, 131 S. Ct. 859 (2011), eliminated any evidentiary sufficiency requirement in gang

     validation proceedings.  They failed to note that *Cooke* was a habeas case, and that makes all the

United States District Court
For the Northern District of California

difference.

In a habeas case governed by 28 U.S.C. § 2254(d), the source of the law that can support relief is limited to "clearly established Federal law, as determined by the Supreme Court of the United States."   28 U.S.C. § 2254(d).  "Clearly established federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  If there is no Supreme Court precedent that controls on the legal issue raised by a petitioner in state court, the state court's decision cannot be contrary to, or an unreasonable application of, clearly-established federal law.  *Carey v. Musladin*, 549 U.S. 70, 77 (2006); *see also Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (circuit precedent cannot form the basis for habeas relief under AEDPA).

In *Cooke*, the Supreme Court rejected a habeas petition challenging the sufficiency of the evidence because there was no Supreme Court holding that imposed an evidentiary sufficiency requirement on prison administrative decisions, such as a parole denial.  In the context of prison *disciplinary* decisions, the Supreme Court had held that there had to be some evidence to support the prison officials' decision.  *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985).  But the Supreme Court had never extended *Superintendent v. Hill* to the parole decision context (or the administrative decision context).  *Cf. Swarthout v. Cooke*, 131 S. Ct. at 862 (implicitly declining to find, for purposes of § 2254(d) habeas analysis, that constitutional protections required for parole denial included any evidentiary sufficiency requirement).  The Court explained that it (i.e., the Supreme Court) had "held that the procedures required are minimal" in the context of parole.  *Cooke*, 131 S. Ct. at 862.  The Court explained: "In *Greenholtz*, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. 442 U.S. at 16.  'The Constitution,' we held, 'does not require more.' *Ibid.*" *Cooke*, 131 S.Ct at 862.  The petitioners had "received at least this amount of process." *Id.*  "That should have been the beginning and the end of the federal habeas courts' inquiry into whether Cooke and Clay received due process." *Id.*  This reasoning – confining the analysis to what the Supreme Court

**United States District Court**
For the Northern District of California

1   already had held -- demonstrates that *Cooke*'s holding is based on the fact that it was a habeas

2   case governed by § 2254(d).

3         Unlike *Cooke*, the present case is not a habeas case and is not subject to § 2254(d).  The

4   evidentiary sufficiency requirements imposed in Ninth Circuit cases – e.g., *Bruce v. Ylst*, 351

5   F.3d 1283, 1287-88 (9th Cir. 2003), and *Toussaint v. McCarthy*, 801 F.2d 1080, 1104-05 (9th

6   Cir. 1986), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995) – cannot

7   support habeas relief under § 2254(d) because they are not Supreme Court holdings, but that

8   limitation does not exist in a civil rights action.  *See, e.g., Rodriguez v. Puente*, 478 F. App'x

9   428, 2012 WL 2832525 (9th Cir. 2012) (citing *Bruce* and using the some evidence standard for

10  a gang validation decision in a § 1983 action).  In a civil rights action, this court can and must

11  follow Ninth Circuit holdings that are not fundamentally inconsistent with Supreme Court

12  decisions.  Under the relevant Ninth Circuit law, a prisoner may state a claim in a civil rights

13  action for a due process violation based on the absence of some reliable evidence to support the

14  decision to place him in the SHU following his validation as a gang associate.

15        The second impediment to the court's consideration of the summary judgment motion

16  is that the defendant prison officials relied on plaintiff's complaint to show their decision-

17  making, but then stated that they "do not concede the accuracy or truthfulness of these

18  allegations."  Motion For Summary Judgment, p. 2 n.2; *see also* Reply Brief, pp. 2-3 (arguing

19  that other inmate-declarants lack personal knowledge about validation requirements).  Plaintiff

20  is almost wholly dependent on prison officials for information about their decision-making, yet

21  prison officials purposefully deprive the plaintiff of much of the information about the decision

22  he wants to challenge.  The plaintiff recites facts about his gang validation, but recites them as

23  he was told them by prison officials because he only knows what he was told by prison officials,

24  and likely cannot learn anything more.  He is kept in the dark because prison officials will not

25  provide to him six of the seven items they relied on to validate him as a gang associate, then

26  obtained a stay of discovery, and then sought to file under seal the documents relied upon to

27  validate plaintiff as a gang affiliate.  It may be that the restriction of the information from

28  plaintiff is necessary, but under such circumstances, defendants must affirmatively demonstrate

United States District Court
For the Northern District of California

1  in their motion for summary judgment that there was some reliable evidence to support their

2  decision. Defendants took the impermissible evidentiary shortcut of attempting to demonstrate

3  what they relied upon by citing to plaintiff's allegations and exhibits that are copies of documents

4  prison officials provided to him.[1]

5      The third impediment to the court's consideration of the summary judgment motion is the

6  deficient motion to seal documents. As discussed in the next section, not all of the documents

7  may need to be sealed. If there is no need to seal a document, plaintiff should be able to see it

8  to prosecute this case and should be able to use it to prepare his opposition to the motion for

9  summary judgment.

10     The gang validation cases are very unusual in that the prisoner-plaintiff generally is not

11 allowed to see the evidence that causes him to be placed in the SHU either during the validation

12 process or during the court proceedings. When the prisoner cannot see the evidence, the court

13 must exercise particular care in examining the evidence. Defendants' presentation does not

14 permit the court to exercise that care and leaves the court unwilling to grant summary judgment.

15 Defendants did not provide the evidence they relied upon to validate the plaintiff until the court

16 issued a court order to do so, and then provided the documents as sealed documents without

17 justifying the sealing of all the documents. Even with the production of those documents, there

18

19      [1]Defendants essentially argue that whatever was stated by prison officials in the
documents attached to the complaint should be treated as fact, and when so considered, those
20 statements show that plaintiff's claim has no merit. For example, defendants assert that one
document relied upon showed that plaintiff was identified as a squad member and explain that,
21 "[t]o hold a position of Squad Member means the individual is functioning under the rules,
procedures, rules and authority of the NS [Northern Structure]." Motion For Summary Judgment,
22 p. 4, citing Complaint, Ex. D (confidential information disclosure form). However, by attaching
to his complaint the documents generated by prison officials plaintiff did not adopt the content
23 of those documents as true. *See Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 674 (2d Cir.
1995). "Rather than accepting every word in a unilateral writing by a defendant and attached
24 by a plaintiff to a complaint as true, it is necessary to consider why a plaintiff attached the
documents, who authored the documents, and the reliability of the documents." *Northern*
25 *Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 455 (7th Cir. 1998)
(declining to apply blanket rule that document attached is adopted in toto "in the case of letters
26 written by the opposition for what could be self-serving purposes"). Nothing in the complaint
manifests any intent by plaintiff to adopt the prison officials' statements as true or as reflective
27 of his position. The defendants' statements are no more attributable to plaintiff than are
plaintiff's statements (such as those statements in his rebuttal to the confidential informant
28 disclosure forms) attributable to defendants.

United States District Court
For the Northern District of California

is no affirmative evidence as to which of the documents actually were relied on to validate plaintiff because defendants presented no declaration on the point and did not provide the CDC-114 that was generated after plaintiff was validated.   The evidence also is lacking as to who the actual decision-maker was, and this hinders the court's ability to adjudicate plaintiff's claim that he was "not given an opportunity to be heard."  Docket # 1, ¶ 42. Plaintiff appears to allege that it was the Office of Correctional Safety, *see id.*, while defendants seem to suggest it was IGI Silveira.  Without knowing who the actual decision-maker was, and without evidence that plaintiff was allowed to present his views to that decision-maker, it cannot be determined whether defendants are entitled to judgment on this portion of plaintiff's due process claim.

For the foregoing reasons, defendants' motion for summary judgment is DENIED. (Docket # 17.)  This denial is without prejudice to defendants filing a new motion for summary judgment that demonstrates their entitlement to judgment as a matter of law, taking into account the information provided in this order.  A briefing schedule is set at the end of this order.

B.    Motion To Strike

There is a strong presumption favoring the public's right of access to court records which should be overridden only for a compelling reason. *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995).  "Counseling against such access would be the likelihood of an improper use, 'including publication of scandalous, libelous, pornographic, or trade secret materials; infringement of fair trial rights of the defendants or third persons; and residual privacy rights.'" *Valley Broadcasting Co. v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986) (citation omitted).

Defendants filed a motion under Local Rule 79-5 to seal five exhibits, but showed the need to seal only one of those exhibits.  They claimed a need to seal the documents to protect confidential informants, and submitted the Prelip declaration (Docket # 43) describing the dangers to confidential informants if their identities become known.  The court accepts that explanation of the danger that would result from the disclosure of confidential informants.  Only Exhibit 1 appears to have been generated based on an interview with a confidential informant.

1    Defendants have not bothered to explain why Exhibits 2-5 should be sealed. For example, they

2    do not explain why it is necessary to seal (and prevent Andrade from seeing) a confiscated note

3    that had a roster of inmates that were in good standing with the Northern Structure prison gang.

4    There may be good reasons, or even great reasons, to keep each document confidential, but it

5    is defendants' obligation to explain those reasons and not the court's obligation to guess them.

6    Defendants' motion to file documents under seal is GRANTED as to Exhibit 1, and DENIED

7    as to Exhibits 2-5.  (Docket # 42.)

8    The denial of the motion to seal as to Exhibits 2-5 does not mean that plaintiff will be able

9    to see the documents.  Instead, it means that those documents are not now in the record.

10   *See* Local Rule 79-5(e).  Defendants may file a new motion to file documents under seal in

11   connection with their new motion for summary judgment, and at that time explain why each of

12   the items relied upon to validate plaintiff should be filed under seal.  The documents sought to

13   be sealed should be submitted with a declaration from a witness competent to authenticate them.

14

15   C.    Scheduling

16   The court now sets the following briefing schedule.

17   1.   Defendants must file and serve their motion for summary judgment no later than **May

18   17, 2013**.  Defendants should provide another *Rand* notice to plaintiff at the time they file the

19   motion for summary judgment.  If defendants wish to file documents under seal in connection

20   with their motion for summary judgment, the motion to seal should be filed with or before the

21   motion for summary judgment.

22   2.   Plaintiff must file and serve on defense counsel his opposition to the motion for

23   summary judgment no later than **June 14, 2013**.

24   3.   Defendants must file and serve their reply brief, if any, no later than **July 5, 2013**.

25   IT IS SO ORDERED.

26   Dated: February 21, 2013

         _____
         SUSAN ILLSTON
27       United States District Judge

28